J-S18033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTEFANIA PERDOMO-CALERO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JACOB LEE ALTIF | |
| Appellant | No. 2273 EDA 2016 |

Appeal from the Order Entered June 22, 2016
in the Court of Common Pleas of Northampton County Civil Division
at No(s): C0048PF2016-000405

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 22, 2017**

Appellant, Jacob Lee Altif, appeals from the order of the Northampton County Court of Common Pleas granting the petition for a protection from abuse ("PFA") order filed by Complainant, Estefania Perdomo-Calero. Appellant contends that the trial court erred in denying his request for a continuance of the PFA hearing and that the evidence was insufficient to support the issuance of the PFA order. We remand for the preparation of a supplemental Pa.R.A.P. 1925(a) opinion.

Complainant and Appellant had been in a relationship from October of 2014 to April of 2016. On May 25 and May 26, 2016, Complainant visited Appellant's apartment after his recent hospital stay. On May 26, 2016, Appellant asked Complaint why she left him and then approached her to give

---

[*] Former Justice specially assigned to the Superior Court.

her a hug. According to Complainant, Appellant squeezed her so hard that she was not able to breathe correctly. When Complainant attempted to leave, Appellant blocked the front door. Complainant grabbed Appellant's face and shook it. Appellant told her to leave through the backdoor. Appellant, however, then ran to the backdoor and attempted to block the backdoor, told Complainant that she scratched his face, and stated that he would call the police. Complainant exited through the backdoor and went to a neighbor's apartment. The police responded, but took no action that night. The following day, May 27, 2016, Appellant appeared at Complainant's workplace. According to Complainant, Appellant was trying to "emotionally harass" her and then asked her for the keys to his apartment and his motorcycle. N.T., 6/22/16, at 7.

Complainant filed a PFA petition on May 27, 2016, and an emergency order was issued that same day.[1] The trial court scheduled a hearing for June 10, 2016, but continued the hearing to June 22, 2016, after Appellant requested a continuance to obtain counsel.

The trial court conducted the hearing on June 22, 2016. After Complainant testified, Appellant requested a continuance:

> [Appellant]: . . . I was actually wondering if there is any way for me to get a continuance because she [Complainant] was coercing me and her father-figure—

---

[1] Appellant also filed a PFA against Complainant, which the trial court denied. Appellant's PFA petition is not included in the certified record in this appeal.

\*\*\*

> She has a father-figure, and they were calling me on the phone, and she called me twice yesterday. And they were both telling me that I need to drop this, I need to let it get done and over with, the PFA thing, or I'm going to get in trouble and all that. I got a continuance for a lawyer, and I didn't bring the lawyer with me because they told me that she wasn't coming.

N.T. at 10-11. The trial court responded, "Well, that's a mistake[,]" then directed Appellant to testify. *Id.* Appellant testified on his own behalf and described his and Complainant's interactions on the day in question. Appellant averred that Complainant assaulted him and took the keys to his motorcycle, which he attempted to retrieve the following day.

At the conclusion of the hearing, the trial court issued the instant order granting Complainant a three-year PFA order against Appellant. Specifically, the court determined that Complainant's testimony was credible and Appellant was not credible. Trial Ct. Op., 8/17/16, at 4. The court concluded Complainant established Appellant placed her "in reasonable fear of imminent serious bodily injury by squeezing her such that she feared that she could not breathe and then blocking her access when she tried to leave the apartment, both at the front door and at the back door." *Id.* at 5. Additionally, the court suggested that Appellant's conduct "placed her in fear that she was being falsely imprisoned." *Id.* Lastly, the court noted that Appellant "showed up unannounced, wanted to continue to discuss their relationship, and harassed her at her office" and appeared fixated on

Complainant. *Id.* Thus, the court concluded the issuance of a PFA order was necessary to prevent "future physical contact and further threatening and harassing conduct by Appellant." *Id.*

Appellant timely filed a notice of appeal and a Pa.R.A.P. 1925(b) statement challenging (1) the court's denial of his request for a continuance of the June 22, 2016 hearing and (2) the sufficiency of the evidence. The court issued a Pa.R.A.P. 1925(a) opinion addressing the latter claim, *see* Trial Ct. Op. at 1-5, but did not address its denial of Appellant's request for a continuance.

Appellant presents the following questions for review:

> Whether Trial Court committed reversible error denying Appel[l]ant's request for a continuance of the [PFA] hearing?

> Whether Trial Court committed reversible error in granting a Final Order for [PFA] for . . . Appellee?

Appellant's Brief at 1.

As to Appellant's first argument regarding the denial of his request for a continuance, we note:

> Pursuant to § 6107(c), trial courts have discretion to continue evidentiary hearings regarding final PFA orders and enter appropriate temporary ex parte orders to cover the intervening time. *See* 23 Pa.C.S. § 6107(c) ("If a hearing under subsection (a) [relating to evidentiary hearing on final PFA order] is continued and no temporary order is issued, the court may make ex parte temporary orders under subsection (b) as it deems necessary.").

- 4 -

*Ferko-Fox v. Fox*, 68 A.3d 917, 926 (Pa. Super. 2013). Thus, we review the denial of a request for a continuance for an abuse of discretion. *See id.*

Instantly, Appellant requested a continuance at his first opportunity to speak at the hearing. *See* Pa.R.A.P. 302(a). Appellant's Pa.R.A.P. 1925(b) statement contained a claim that the trial court erred in denying his request for a continuance. *See* Pa.R.A.P. 1925(b)(4)(vii). Moreover, Appellant's brief sets forth an adequate argument in support of his claim. *See* Pa.R.A.P. 2119(a). Therefore, Appellant's claim has been preserved for our review.

Unfortunately, the trial court did not set forth its reasons for the denial of Appellant's request on the record or respond to this claim in its Pa.R.A.P. 1925(a) opinion. Because this Court must review the trial court's exercise of discretion when granting or denying a request for a continuance, *see Ferko-Fox*, 68 A.3d at 926, we are constrained to remand the record in this matter for the preparation of a supplemental Pa.R.A.P. 1925(a) opinion. The trial court shall file a supplemental opinion addressing the denial of Appellant's request for a continuance within forty-five days of this memorandum.[2]

Record remanded with instructions. Panel jurisdiction retained.

---

[2] In light of our disposition of Appellant's first argument, we decline to consider Appellant's second argument that "[a] three year [PFA] order should not be entered for an uncomfortable hug that lasted a bit too long, nor should it be granted for standing in someone's path to an exit for a few seconds." Appellant's Brief at 7-8.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2017